E-FILED
Thursday, 27 September, 2018 09:30:41 AM
Clerk, U.S. District Court, ILCD

AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the
Central District of Illinois

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

510 South Fair Street, Champaign, Illinois, 61821, more particularly described in Attachment A

Case No. 18-MJ-7106

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of Illinois *(identify the person or describe the property to be searched and give its location)*:

510 South Fair Street, Champaign, Illinois, 61821, more particularly described in Attachment A.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before 6/5/2018 *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge ERIC I. LONG, Magistrate Judge.
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐for ______ days *(not to exceed 30)*.

☐until, the facts justifying, the later specific date of ______________.

Date and time issued: 5/22/2018; 7:34 p.m.

s/Eric I. Long
*Judge's signature*

City and state: Urbana, Illinois

ERIC I. LONG, Magistrate Judge
*Printed name and title*

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

**Return**

| Case No.: 18-MJ- 7106 | Date and time warrant executed: 05/27/2018 at 8:37pm | Copy of warrant and inventory left with: 510 S. Fair St. (res owner/Green Street Realty) |
|---|---|---|

Inventory made in the presence of : SA Yacup

Inventory of the property taken and name of any person(s) seized:

Tablets suspected Alprazolam, drug paraphernalia with powder residue, miscellaneous documents, 3 packets of non-controlled substance powder, one bottle of Excedrin, miscellaneous pill press parts

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 07/23/2018

s/Todd M. Emery
*Executing officer's signature*

Todd M. Emery, Special Agent
*Printed name and title*

## ATTACHMENT A

*Property to Be Searched*

The affidavit is made in support of an application for a warrant to search 510 S. Fair St., Champaign, Illinois, 61821, "the Subject Premises". The Subject Premises is further described as a single-story west-facing white residence with an attached garage on the south side. The Subject Premises includes the residential dwelling and any garage, grounds and vehicles parked upon the property, as well as any computer, smartphone and computer media located therein where the items specified in Attachment B may be found.

A photograph of the front of the Subject Premises is included below:



**ATTACHMENT B**

*Description of Items to Be Seized and Searched*

The following records, documents, files, items, or materials, in whatever form, including handmade or mechanical form (such as printed, written, handwritten, or typed); photocopies or other photographic form; and electrical, electronic, and magnetic form (such as tapes, cassettes, hard disks, floppy disks, diskettes, compact discs, CD-ROMs, DVDs, optical discs, Zip cartridges, printer buffers, smart cards, or electronic notebooks, or any other electronic storage medium) that constitute or contain evidence, instrumentalities, or fruits of violations of Title 18, United States Code, Section 1957, Money Laundering, and violations of Title 21, United States Code, Sections 841 and 846, Conspiracy to Distribute a Controlled Substance, Distribution of a Controlled Substance, and Attempt to Distribute a Controlled Substance:

1. All records relating to the violations described above, including:

    a. any and all documents, records or information[1] relating to the purchase, sale, importation, possession, shipment, tracking, delivery or distribution of controlled substances;

    b. any and all documents, records or information relating to the purchase, sale, importation, possession, shipment, tracking, delivery or distribution of packaging materials;

    c. any and all documents, records or information relating to the purchase, sale, tracking, delivery or distribution of postage or express mail consignment;

    d. any and all documents, records or information relating to the transfer, purchase, sale or disposition of virtual currency;

    e. any and all documents, records or information relating to the transfer, purchase, sale or disposition of precious metals;

    f. any and all documents, records or information relating to the operation of money transmitting businesses;

---

[1] As used above and on, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

g. any and all documents, records, or information relating to the access, creation and maintenance of websites and hidden (Tor-based) services;

h. any and all documents, records, or information relating to email accounts used in furtherance of these offenses;

i. any and all records or other items which are evidence of ownership or use of computer equipment found in the Subject Premises, including, but not limited to, sales receipts, bills for internet access, handwritten notes and handwritten notes in computer manuals.

j. any and all records relating to an indicia of occupancy, residency, and ownership or use of the Subject Premises, including, but not limited to, utility and telephone bills, cancelled envelopes, rental, purchase or lease agreements, identification documents, and keys;

k. any and all records of any address and/or telephone books, rolodex indicia, electronic organizers, telephone paging devices and the memory thereof, and any papers, records or electronic data reflecting names, addresses, telephone numbers, pager numbers of co-conspirators, sources of controlled substances and/or virtual currency, identifying information for customers purchasing controlled substances and/or virtual currency;

l. all bank records, checks, credit card bills, account information, safe deposit box information and other financial records;

m. all copies of income tax returns filed with the Internal Revenue Service (IRS) or the Illinois Department of Revenue.

2. Any digital devices[2] or other electronic storage media[3] and/or their components

---

[2] "Digital device" includes any device capable of processing and/or storing data in electronic form, including, but not limited to: central processing units, laptop, desktop, notebook or tablet computers, computer servers, peripheral input/output devices such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media, related communications devices such as modems, routers and switches, and electronic/digital security devices, wireless communication devices such as mobile or cellular telephones and telephone paging devices, personal data assistants ("PDAs"), iPods/iPads, Blackberries, digital cameras, digital gaming devices, global positioning satellite devices (GPS), or portable media players.

used as a means to commit the violations described above, including:

a. any digital device or other electronic storage media capable of being used to commit, further, or store evidence or fruits of the offenses listed above;

b. any digital devices or other electronic storage media used to facilitate the transmission, creation, display, encoding or storage of data, including word processing equipment, modems, docking stations, monitors, cameras, printers, plotters, encryption devices, and optical scanners;

c. any magnetic, electronic or optical storage device capable of storing data, such as floppy disks, hard disks, tapes, CD-ROMs, CD-R, CD-RWs, DVDs, optical disks, printer or memory buffers, smart cards, PC cards, memory calculators, electronic dialers, electronic notebooks, and personal digital assistants;

d. any documentation, operating logs and reference manuals regarding the operation of the digital device or other electronic storage media or software;

e. any applications, utility programs, compilers, interpreters, and other software used to facilitate direct or indirect communication with the computer hardware, storage devices, or data to be searched;

f. any physical keys, encryption devices, dongles and similar physical items that are necessary to gain access to the computer equipment, storage devices or data; and

g. any passwords, password files, test keys, encryption codes or other information necessary to access the computer equipment, storage devices or data.

3. For any digital device or other electronic storage media upon which electronically stored information that is called for by this warrant may be contained, or that may contain things otherwise called for by this warrant:

a. evidence of who used, owned, or controlled the digital device or other electronic storage media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries,

---

[3] Electronic Storage media is any physical object upon which electronically stored information can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, DVD-ROMs, and other magnetic or optical media.

configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the digital device or other electronic storage media, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence of the attachment to the digital device of other storage devices or similar containers for electronic evidence;

e. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the digital device or other electronic storage media;

f. evidence of the times the digital device or other electronic storage media was used;

g. passwords, encryption keys, and other access devices that may be necessary to access the digital device or other electronic storage media;

h. documentation and manuals that may be necessary to access the digital device or other electronic storage media or to conduct a forensic examination of the digital device or other electronic storage media;

i. contextual information necessary to understand the evidence described in this attachment.

4. Records and things evidencing the use of an Internet Protocol (IP) address to communicate with the internet, including:

a. routers, modems, and network equipment used to connect computers to the internet;

b. records of Internet Protocol addresses used;

c. records of internet activity, including firewall logs, caches, browser history and cookies, “bookmarked” or “favorite” web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses.

5. Any and all hidden services accounts[4] used in furtherance of the offenses described above, including, but not limited to, darknet market accounts, associated darknet forum accounts and Tor-based email accounts.

6. Any and all peer to peer (P2P) virtual currency trading platform accounts, with no legitimate or identified service provider to which legal process may be served, used in furtherance of the offenses described above, including, but not limited to, localbitcoins.com[5] accounts or bitcon-otc internet relay chat channel[6] accounts.

7. Virtual currency in any format, including but not limited to, wallets (digital and paper), public keys (addresses) and private keys.

8. Precious metals.

9. Fiat currency (U.S. dollars or other government issued currency).

10. Safes and other locked containers.

11. Keys to storage units, lockers and safe deposit boxes.

12. Controlled substances and materials and machinery for creating, packaging and

[4] Hidden services (.onion services) are accessed through the Tor anonymity network. Most are considered dark web services with no legitimate or identified service provider to which legal process may be served.

[5] LocalBitcoins, OY (and their associated web platform, localbitcoins.com "LBC") is a Finnish company which is not a licensed money transmitting business registered with the U.S. Government and compliant with the Bank Secrecy Act, which requires establishment and maintenance of anti-money laundering (AML) programs in accordance with know your customer (KYC) rules, such as identifying persons involved in currency transactions over certain thresholds. LBC is not considered a legitimate service provider to which legal process may be served for accurate subscriber information or account seizure.

[6] Internet Relay Chat (IRC) is a decentralized chat system which enables people with an installed client (computer program which sends and receives messages to and from an IRC server via the internet) to join in live discussions with anyone else connected in the same manner. The IRC server ensures that all messages are broadcast to everyone participating in a discussion. There can be many discussions going on at once; each one is assigned a unique channel. One such channel is #bitcoin-otc, in which virtual currency trades are negotiated and arranged. All transactions that may occur are conducted directly between counterparties, without any participation or intermediation from the hosts of IRC servers, and therefore no entity to which legal process may be served for accurate subscriber information, transactional history or account seizure.

mailing controlled substances.

<u>Biometrics</u>

During the execution of the search of the Subject Premises described in Attachment A, law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of any individual, who is ~~found at the subject premises and~~ reasonably believed by law enforcement to be a user of the device, to the fingerprint scanner of the device(s) found at the premises; (2) hold the device(s) found at the premises in front of the face those same individuals and activate the facial recognition feature; and/or (3) hold the device(s) found at the premises in front of the face of those same individuals and activate the iris recognition feature, for the purpose of attempting to unlock the device(s) in order to search the contents as authorized by this warrant.

*THE SEIZURE OF DIGITAL DEVICES OR OTHER ELECTRONIC STORAGE MEDIA AND/OR THEIR COMPONENTS AS SET FORTH HEREIN IS SPECIFICALLY AUTHORIZED BY THIS SEARCH WARRANT, NOT ONLY TO THE EXTENT THAT SUCH DIGITAL DEVICES OR OTHER ELECTRONIC STORAGE MEDIA CONSTITUTE INSTRUMENTALITIES OF THE CRIMINAL ACTIVITY DESCRIBED ABOVE, BUT ALSO FOR THE PURPOSE OF THE CONDUCTING OFF-SITE EXAMINATIONS OF THEIR CONTENTS FOR EVIDENCE, INSTRUMENTALITIES, OR FRUITS OF THE AFOREMENTIONED CRIME*